IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BUILDER SERVICES GROUP, INC. )
a/b/a GALE CONTRACTOR )
SERVICES, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV418-160
 )
FOSTER INSULATION AND )
PRODUCTS, LLC, and RICHARD L. )
QUARLES, JR., )
 )
    Defendants. )
 )

## O R D E R

Before the Court is Plaintiff's Motion for Default Judgment. (Doc. 29.) In its motion, Plaintiff Builder Services Group, Inc. ("BGS") requests that this Court enter default judgment with respect to Defendant Richard Quarles. Jr. because he has failed to file any responsive pleadings in this case. (Id.) In response to Plaintiff's motion, Defendant Quarles, appearing pro se, has filed a Request to Remove Default Judgment (Doc. 31), which this Court liberally construes as a motion to set aside default. After careful consideration, Defendant's motion to set aside default (Doc. 31) is **GRANTED**. Accordingly, the Clerk is **DIRECTED** to set aside default with respect to Defendant Quarles. Plaintiff's motion (Doc. 29) is **DISMISSED AS MOOT**.

In his filing, Defendant Quarles details the circumstances of his employment with Plaintiff BSG and Foster Insulation and Products, LLC ("Foster"), his financial status, and confusion about the status of this action. (Doc. 31.) As for his lack of response to this action, Defendant Quarles alleges that he received various notices about this case, but mistakenly assumed that the case was dismissed after this Court dismissed Defendant Foster from this action. (Id. at 2.) He purports that he is unable to afford a lawyer to represent him in this case and that he is "at a loss as to what to do next or how to even defend [himself]." (Id.)

To set aside an entry of default, this Court must consider whether Defendant Quarles has established "good cause." Fed. R. Civ. P. 55(c); see also Sealey v. Branch Banking and Tr. Co., 2:17cv785-MHT-SMD, 2019 WL 1434065, at *1 (N.D. Ala. Feb. 21, 2019) ("After the clerk enters default, but before entry of default judgment, the court may exercise its discretion to set aside an entry of default for good cause." (internal quotation omitted)). Courts considering whether a party has demonstrated good cause have noted that the good cause standard is a "liberal one" and often "var[ies] from situation to situation." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Under this discretionary standard, courts often

2

consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense. Depending on the circumstances, courts have also considered factors such as whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.

Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (internal citations and quotations omitted).

In this case, the Court finds that Defendant Quarles's lack of response was not the result of a willful strategy or culpable behavior. In his filing, Defendant Quarles expresses a certain amount of confusion about the law, this action, and his duty to respond to Plaintiff's pleading. (Doc. 31.) Although Defendant's alleged ignorance of the law is no excuse, this Court, like many others, has a strong preference for deciding cases on the merits. See, e.g., Perez, 774 F.3d at 1332 ("[W]e have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible."); Home Builders Surplus, LLC v. Asalone, 2013 WL 12063933, at *1 (N.D. Ga. Jan. 18, 2013)("Defaults are not favored and are reserved for rare occasions."); Deforest v. Johnny Chisholm Glob. Events, LLC, 3:08CV498/MCR/EMT, 2010 WL 1792094, at *9 (N.D. Fla. May 4, 2010) (denying a party's request for an entry of default judgment and discussing the Eleventh Circuit's policy to view defaults in disfavor). Accordingly, the Court will give

Defendant Quarles the benefit of the doubt and allow him to participate in these proceedings. As a result, Defendant's motion (Doc. 31) is **GRANTED** and the Clerk is **DIRECTED** to set aside the entry of default (Doc. 22). Because this Court has directed the Clerk to set aside default in this case, Plaintiff's motion (Doc. 29) is **DIMISSED AS MOOT**.

Although this Court has directed the clerk to set aside default in this case, Defendant Quarles is put on notice that his pro se status is no excuse to avoid this action or the rules of the Court. See Tara Prods., Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 910 (11th Cir. 2011) (providing that "[w]hile the filings of a pro se party are held 'to less stringent standards than formal pleadings drafted by lawyers,' a pro se litigant is not exempt" from complying with the court's rules" (quoting Haines v. Kerner, 404 U.S. 519, 520. 92 S. Ct. 594, 30 L.Ed.2d 652 (1972))). Accordingly, Defendant Quarles is **DIRECTED** that he must provide a responsive pleading in this action within 21 days of service of this Order. Defendant Quarles is put on notice that a failure to comply with this Order or otherwise participate in this action will result in default.

SO ORDERED this 6th day of May 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA