IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BUILDER SERVICES GROUP, INC. )
a/b/a GALE CONTRACTOR )
SERVICES, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV418-160
 )
RICHARD L. QUARLES, JR., )
 )
    Defendant. )
 )

## ORDER

Before the Court is Plaintiff Builder Services Group, Inc.'s ("BSG") Motion for Temporary Restraining Order and Preliminary Injunction.[1] (Doc. 6). Defendant Quarles is a former employee of Plaintiff BSG. (Doc. 1.) Since the employment relationship has ended, Plaintiff BSG has filed two complaints against Defendant Quarles in this Court. (Doc. 1; CV419-056, Doc. 1.) Both complaints allege that Defendant Quarles "violated multiple terms of a confidentiality agreement" with Plaintiff BSG. (Doc. 1; CV419-056, Doc. 1.) The present case remains pending against Defendant Quarles, however, this Court entered default judgment against Defendant Quarles in Plaintiff BSG's second action, CV419-056. (CV419-056, Doc. 33.) As a result of the default judgment against

---

[1] Unless otherwise stated, citations are to Plaintiff's civil docket on this Court's electronic filing system, CV418-160.

Defendant Quarles in CV419-056, the Court **DIRECTS** Plaintiff BSG to show cause as to whether its Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) should be dismissed as moot.

I. <u>CV418-160</u>

On July 3, 2018, Plaintiff BSG filed this action against Defendant Quarles and Foster Insulation and Products, LLC ("Foster"). (Doc. 1.) Three days after filing its complaint (Doc. 1), Plaintiff BSG filed its Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6). Defendant Quarles did not file a responsive pleading. As a result, the Clerk entered default against Defendant Quarles. (Doc. 22.) After this entry of default, Plaintiff BSG agreed to dismiss Defendant Foster from the action. (Doc. 28.) Following the dismissal, Plaintiff BSG filed a motion for default judgment against Defendant Quarles. (Doc. 29.) Defendant Quarles responded to Plaintiff BSG's motion for default judgment and this Court construed his response as a motion to set aside default. (Doc. 31.) In his response, Defendant Quarles explained that he was proceeding pro se and misunderstood the dismissal of Defendant Foster as a dismissal of the entire case. (Doc. 31.) Due to Defendant Quarles' misunderstanding and pro se status, the Court set aside the entry of default and directed Defendant Quarles to provide a responsive pleading within twenty-one days of the order. (Doc. 35.) Subsequently, Defendant Quarles filed an answer to Plaintiff BSG's complaint. (Doc. 37.) Plaintiff

BSG then filed a Motion to Strike Defendant Quarles' answer. (Doc. 38.)

II. <u>CV419-056</u>

On March 8, 2019, Plaintiff BSG filed another action, CV419-056, against Defendant Quarles and Defendant Topshelf Builder Specialties, Inc. ("Topshelf"). (CV419-056, Doc. 1.) Plaintiff BSG also filed a motion for a preliminary injunction against Defendant Quarles and Defendant Topshelf (CV419-056, Doc. 6), making the same requests as in the Motion for Temporary Restraining Order and Preliminary Injunction filed in the first action (Doc. 6). Again, Defendant Quarles failed to respond to Plaintiff BSG's complaint. As a result, the Clerk entered default against Defendant Quarles. (CV419-056, Doc. 18.) Plaintiff moved this Court for default judgment against Defendant Quarles. (CV419-056, Doc. 30.) Subsequently, Defendant Quarles filed an answer (CV419-056, Doc. 32.) However, the Court found Defendant Quarles' answer to be inadequate and granted Plaintiff's motion for default judgment against Defendant Quarles. (CV419-056, Doc. 33.) In the order granting default judgment, the Court directed Defendant Quarles to:

> (1) refrain from disclosing, using or in any way relying on any BSG proprietary, confidential, or trade secret information, including but not limited to, BSG internal plans and ideas for expansion and development of new services and products; internal customer lists, account receivable information and reports, internal analysis of customers and prospective customers, compilations of

3

information about particular needs and preferences of customers; costs, specifications, processes, and related non-public pricing information; business and marketing plans; internal financial records, projections, and analysis; internal information and analysis regarding business opportunities (including, without limitation, candidates, plans and techniques for acquisitions, joint ventures, partnerships and alliances); personal evaluations and internal personnel management information, and specialized procedures and techniques used in the management, operation, or training functions of BSG that are not disclosed to persons outside of BSG; and confidential information including information or compilations of information acquired by Quarles in the course and scope of Quarles' activities for BSG or its predecessor or affiliates designated or marked by BSG or its affiliates as "confidential" or that BSG or its affiliates indicate through policies, procedures, or other instructions should not be used for the benefit of another person or entity or disclosed to anyone outside of BSG;

(2) refrain from communicating or contacting any BSG customers whom Defendant Quarles had contact during the course of his employment with BSG and for the purpose of interfering with such customers' business relationship with BSG or for the purpose of soliciting business for Quarles' benefit or for the benefit of any business or entity on behalf of which Defendant Quarles is employed by or otherwise works for;

(3) refrain from otherwise violating any of the terms of the Confidentiality Agreement; and

(4) immediately return to BSG all BSG information, data, or property in his possession, custody or control.

(CV419-056, Doc. 33 at 10-11.) Accordingly, the Court dismissed Plaintiff's motion for preliminary injunction against Defendant Quarles and Defendant Topshelf as moot. (CV419-056, Doc. 33.)

III. Conclusion

In this case, Plaintiff BSG's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) remains pending. However, due to the dismissal of Defendant Foster, the motion remains pending only against Defendant Quarles. (Doc. 6.) Moreover, Plaintiff BSG's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) seems to request that this Court take very similar action against Defendant Quarles as has already been ordered in the default judgment order against Defendant Quarles (CV419-056, Doc. 33 at 10-11). Therefore, Plaintiff BSG is **DIRECTED** to file a brief within **fifteen (15) days** explaining whether the pending Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 6) should be dismissed as moot. The Court gives Defendant Quarles the usual time allowed by the Federal Rules of Civil Procedure to respond to Plaintiff's brief.

SO ORDERED this 5th day of November 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA